No. 25-647

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

HO CHAN KIM,
Petitioner - Appellant,

v.

GOOGLE LLC,
Respondent - Appellee.

_____

On Appeal from the
United States District Court
for the Northern District of California

_____

**APPELLANT'S REPLY BRIEF**

_____

Carlos M. Taitano
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, Guam 96932
Telephone: (671) 777-0581
Email: cmakototaitano@taitano.us.com

*Attorney for Petitioner - Appellant, Ho Chan Kim*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES…………………………………………………iii

I.     INTRODUCTION……………………………………………………1

II.    ARGUMENT……………………………………………............2

    A.    Arguments and factual allegations in Doe's motion are
        not evidence..………………………………………………2

    B.    Doe and Google, as the persons invoking the First
        Amendment's protections, bear the burden of proving
        that First Amendment protections apply..…………………….4

    C.    Doe failed to establish *prior* substantial voluntary
        connections with the United States under *Ibrahim*
        for First Amendment protections to apply..……………………4

    D.    The District Court abused its discretion in deciding
        the second component of the *Highfields* test.………………….7

    E.    The District Court abused its discretion because its
        findings of fact were unreasonable..…………………………8

    F.    Google's and the ACLU's invitation to hold that the
        First Amendment and the *Highfields* test should
        apply to all Section 1782 cases should be declined...………….9

        1.  Google's and the ACLU's invitation is contrary to
            United States Supreme Court precedent and
            precedent of this Court.………………………………9

        2.  Google and the ACLU ask the Court to decide a
            constitutional question that it need not decide to
            resolve this appeal……………………………………..10

//
//

i

TABLE OF CONTENTS

Pages

III.    CONCLUSION…….…………………….……………………………...12

CERTIFICATE OF COMPLIANCE FOR BRIEFS…………………………...13

TABLE OF AUTHORITIES

Pages

Cases:

*Agency for Int'l Dev. v. Alliance for Open Soc'y Int'l, Inc.*,
 591 U.S. 430 (2020)……………………………………………...…..9

*Briseno v. Henderson*,
 998 F.3d 1014 (9th Cir. 2021)………………………………………...8

*Camreta v. Greene*,
 563 U.S. 692 (2011)……………………………………………………10

*Clark v. Cmty. For Creative Non-Violence*,
 468 U.S. 288 (1984)……………………………………………..…4,7

*Doe 1 v. U.S. Dep't of Homeland Sec.*,
 2:20-cv-09654-VAP-AGRx,
 2020 WL 6826200 (C.D. Cal. Nov. 20, 2020)……………………..…5,6

*Duha v. Agrium, Inc.*,
 448 F.3d 867 (6th Cir. 2006)………………………………………...3,4,7

*Estrella v. Brandt*,
 682 F.2d 814 (9th Cir. 1982)………………………………………...3,4,7

*Hunley v. Instagram, LLC*,
 73 F.4th 1060 (9th Cir. 2023)………………………………………..11

*Ibrahim v. Dep't of Homeland Sec.*,
 669 F.3d 983 (9th Cir. 2012)………………………………………..5,6

*In re Nadeau*, Case No. 21-31239, Adv. Pro. No. 21-03045,
 2023 WL 7288238 (Bankr. N.D. Ohio Nov. 3, 2023)………………….2-3,4,7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004)…………………………………………………11

//
//

TABLE OF AUTHORITIES

Pages

Cases:

*J.A. by and through Plasencia v. County of San Bernardino*,
 Case No. 5:20-cv-02468-MEMF-KK,
 2023 WL 7434950 (C.D. Cal. Nov. 9, 2023)……………………………………4-5,6

*J.A. by and through Plasencia v. County of San Bernardino*,
 No. 23-4180, 2025 WL 853252 (9th Cir. Mar. 19, 2025)………………………….5

*Liberty Insurance Co. v. Brodeur*,
 41 F.4th 1185 (9th Cir. 2022)…………………………………………………8

*Lyng v. Nw. Indian Cemetery Prot. Ass'n*,
 485 U.S. 439 (1988)……………………………………………………………...10

*Nat'l Fed'n of Indep. Bus. v. Sebelius*,
 567 U.S. 519 (2012)……………………………………………………………11

*Romag Fasteners, Inc. v. Fossil, Inc.*,
 590 U.S. 212 (2020)……………………………………………………………11

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*,
 537 F.3d 1357, 1368 (Fed. Cir. 2008)………………………………………...8-9

*Thunder Studios, Inc. v. Kazal*,
 13 F.4th 736 (9th Cir. 2021)……………………………………………………10

*United States v. Bus. of Custer Battlefield Museum*
 *& Store Located at Interstate 90*,
 658 F.3d 1188 (9th Cir. 2011)…………………………………………………10

*United States v. Verdugo–Urquidez*,
 494 U.S. 259 (1990)…………………………………………………………..5,9

Statutes:

28 U.S.C. § 1782…………………………………………………………...9,11

# I. INTRODUCTION

An anonymous individual, John Doe (hereinafter "**Doe**"), published a defamatory video on YouTube in the Korean language that falsely accused the Appellant, Ho Chan Kim (hereinafter "**Kim**"), who is a pastor in the Republic of Korea at Life Word Mission, of sexually assaulting women, committing the sin of drinking alcohol in contravention of his faith, and secretly committing fraud. The video was published by Doe in Korea on January 3, 2024. Doe was located in Korea at all times on or before January 24, 2024, but from January 24, 2024 to July 16, 2024, Doe was purportedly located in the United States according to IP address log evidence submitted by Google LLC (hereinafter "**Google**"). There is no other evidence of Doe's location, citizenship, or residence. However, the District Court determined that Doe is entitled to First Amendment protections because Doe was in the United States after publishing the defamatory video, and based upon Doe's arguments, unsupported by any evidence, that Doe is a legal United States resident currently living in the United States. The District Court abused its discretion by treating arguments of Doe as evidence.

Even if the IP address log alone was sufficient to infer that Doe was a U.S. resident at some time during these proceedings, there was no evidence for the District Court to find that Doe had *prior* significant voluntary connections to the United States to protect his foreign speech. Therefore, the District Court abused its

1

discretion by finding that Doe is protected by the First Amendment, which is contrary to United States Supreme Court precedent and precedent of the Court.

Although the video does not expressly name Kim, the video contains facts that, when viewed by people who are involved with Life Word Mission, such as believers, would be understood to be referring only to Kim. The District Court did not properly consider those facts, considered Doe's arguments as evidence, and found that "the allegedly defamatory video does not identify [Kim] and [Kim] offers nothing but speculation to support that the allegedly false claims made in the video are, in fact, about [Kim]". In light of the uncontroverted evidence, this is an abuse of discretion by the District Court.

American Civil Liberties Union of Northern California (hereinafter "**ACLU**") amicus invites the Court to make policy decisions in contravention of long standing United States Supreme Court precedent and precedent of the Court, and to make an unnecessary decision on a constitutional issue. The Court should decline the ACLU's invitation.

## II. ARGUMENT

### A.   Arguments and factual allegations in Doe's motion are not evidence.

It is well established that statements appearing in a party's brief are not evidence, including arguments and factual allegations of a pro se litigant. *In re Nadeau*, Case No. 21-31239, Adv. Pro. No. 21-03045, 2023 WL 7288238, at *4

2

(Bankr. N.D. Ohio Nov. 3, 2023)(motion for reconsideration)(quoting *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006); *cf. Estrella v. Brandt*, 682 F.2d 814, 819 (9th Cir. 1982)(for purpose of summary judgment motion, "Legal memoranda and oral argument are not evidence … ."). Doe did not file any affidavit or any declaration or other statement under penalty of perjury in support of Doe's argument in his motion that he is a legal resident of the United States, that he currently resides in the United States, that he was directing his speech to a United States audience, or that he has received threats. The Exhibits attached to Doe's motion are also not evidence for the same reason.

Throughout its answering brief, Google extensively relies upon arguments contained in Doe's motion to argue that there was a sufficient factual basis for the District Court's decision. However, those arguments in Doe's motion are not evidence. Furthermore, the District Court erred or abused its discretion by considering the arguments of Doe that "disclosure of Doe's identity would chill Doe's First Amendment speech rights and lead to retaliation against Doe" and "he or she is a legal United States resident currently living in the United States". ER-7, ER-9.

//

//

//

3

### B. Doe and Google, as the persons invoking the First Amendment's protections, bear the burden of proving that First Amendment protections apply.

The person invoking the First Amendment's protections bears the burden of proving that those protections apply. *See Clark v. Cmty. For Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984). Google and Doe have not proven that Doe is a U.S. citizen, a resident alien at the time that the video was published or thereafter, or was directing his speech to a U.S. audience. *In re Nadeau*, 2023 WL 7288238, at *4 (quoting *Duha*, 448 F.3d at 879); *cf. Estrella*, 682 F.2d at 819. Therefore, the District Court erred in determining that First Amendment protections apply to Doe.

Even if the IP address log proves that Doe was a U.S. resident alien sometime between January 25, 2024 and July 16, 2024, First Amendment protections do not apply to Doe's foreign speech on January 3, 2024 because Doe has not proven that he had *prior* significant voluntary connections with the United States, as explained in Section II.C. *infra*.

### C. Doe failed to establish *prior* substantial voluntary connections with the United States under *Ibrahim* for First Amendment protections to apply.

A plaintiff does not automatically forfeit the right to bring constitutional claims when he or she leaves voluntarily after establishing connections with the United States. *J.A. by and through Plasencia v. County of San Bernardino*, Case No.

4

5:20-cv-02468-MEMF-KK, 2023 WL 7434950, at *16 (C.D. Cal. Nov. 9, 2023) (citing *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 996 (9th Cir. 2012)), *aff'd in part, rev'd in part*, No. 23-4180, 2025 WL 853252 (9th Cir. Mar. 19, 2025) (reversed on other grounds). "Where a plaintiff 'did not intend to sever her established connection to the United States by her voluntary departure,' the plaintiff may still bring constitutional claims if a connection was *previously* established." *Id.* (emphasis added); *United States v. Verdugo–Urquidez*, 494 U.S. 259, 271 (1990) (the plaintiff had "no previous *significant voluntary connection* with the United States" and therefore had no right to assert a Fourth Amendment challenge). "Rather than apply a bright line rule barring aliens from raising claims when located outside the country, courts should apply a functional approach considering if the plaintiff had a *previous* 'significant voluntary connection' with the United States." *Doe 1 v. U.S. Dep't of Homeland Sec.*, 2:20-cv-09654-VAP-AGRx, 2020 WL 6826200, at *5 (C.D. Cal. Nov. 20, 2020) (citing *Ibrahim*, 669 F.3d at 995) (emphasis added).

Google argued that Doe is protected by the First Amendment because Doe has established "significant voluntary connections". Answering Br., Dkt. No. 19.1 at 19. However, *Verdugo–Urquidez* and *Ibrahim* do not stand for the proposition that establishment of "significant voluntary connections" at any time suffice. Instead, what is required is *previous* "significant voluntary connections". *Verdugo–Urquidez*, 494 U.S. at 271; *Ibrahim*, 669 F.3d at 996.

5

The court in *Ibrahim* held that Ibrahim established prior significant voluntary connections to the United States because she was pursuing her Ph.D. at Stanford University for four years, she voluntarily departed from the United States to present the results of her research at a Stanford-sponsored conference, the purpose of her trip was to further, not to sever, her connection to the United States, and she intended her stay abroad to be brief. *Ibrahim*, 669 F.3d at 997.

Cases that have applied *Ibrahim* have focused their analysis on whether connections were *previously* established, not on whether connections were to be established in the future. The court in *J.A. by and through Plasencia* determined that the Plaintiff could bring constitutional claims because she established a connection to the United States by living in the country for 25 years and did not intend to sever it when she left for a funeral and intended to return. *J.A. by and through Plasencia*, 2023 WL 7434950, at *16. In comparison, the court in *Doe 1* determined that the Plaintiffs did not have a substantial voluntary connection because the Plaintiffs alleged a connection based solely on their visas and their admissions to universities in the United States; they did not allege that they had previously entered or resided in the United States, own property in the United States, or have any other existing connections to the United States. *Doe 1*, 2020 WL 6826200, at *5.

In our case, similar to *Doe 1*, there is no evidence that Doe has any previous significant voluntary connections. Unlike *Ibrahim* and *J.A. by and through Plasencia*,

6

Google and Doe did not offer any evidence of Doe's previous significant voluntary connections with the United States. *See Clark*, 468 U.S. at 293 n.5 (person invoking the First Amendment's protections bears the burden of proving that those protections apply). Therefore, under *Verdugo–Urquidez* and *Ibrahim*, Doe's speech is not protected by the First Amendment because Doe does not have prior significant voluntary connections to the United States.

> **D.     The District Court abused its discretion in deciding the second component of the *Highfields* test.**

Google argues that "Doe has already experienced death threats from supporters of the Life Word Mission church as a result of the video" and that "Doe fears physical harm from those members if they are unmasked." Answering Br., Dkt. No. 19.1 at 32.

If the District Cout considered any threats that Doe alleged, that is abuse of discretion because there is no evidence that Doe received any threats; Doe merely made arguments about alleged threats. *In re Nadeau*, 2023 WL 7288238, at *4 (quoting *Duha*, 448 F.3d at 879); *cf. Estrella*, 682 F.2d at 819. Because neither Google nor Doe presented any evidence to support the balancing of harms under the second component of the *Highfields* test, and because the District Court did not consider or analyze any evidence in reaching its decision on the second component,

7

the District Court abused its discretion in determining that the balance of harms tilts

in favor of Doe. ER-11.

### E. The District Court abused its discretion because its findings of fact were unreasonable.

Google argues that the District Court did not abuse its discretion by making

findings of fact that the defamatory video "does not identify [Kim] and [Kim] offers

nothing but speculation to support that the allegedly false claims made in the video

are, in fact, about [Kim]." Answering Br., Dkt. No. 19.1 at 32; ER-10. Google further

argues that"[w]hile Kim may infer that he was the target, the District Court is not

required to draw that same inference." Answering Br., Dkt. No. 19.1 at 32. The

District Court abused its discretion, because the unrefuted evidence before the

District Court points to only Kim as being the target of the video. ER-106-07, ER-

111-12, ER-126-35, ER-149-52. Therefore, there was no inference to be drawn. *Cf.*

*Liberty Ins. Co. v. Brodeur*, 41 F.4th 1185, 1190 (9th Cir. 2022) ("the district court

abused its discretion when it imposed the sanctions for failing to identify a witness,

because the Brodeurs' disclosures properly identified Jerry Brodeur as a witness");

*Briseno v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) ("[a district] court abuses

its discretion when it fails to apply the correct legal standard or bases its decision on

unreasonable findings of fact."). Neither Google nor Doe offered any evidence to

refute Kim's evidence. *Cf. Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d

8

1357, 1368 (Fed. Cir. 2008) (" But no inference can be drawn if there is no evidence, direct or indirect, that can support the inference.").

> **F.      Google's and the ACLU's invitation to hold that the First Amendment and the *Highfields* test should apply to all Section 1782 cases should be declined.**

Google and the ACLU ask the Court to broadly hold that the First Amendment and the *Highfields* test apply to all Section 1782 applications to unmask anonymous speakers regardless of the speaker's location or residency. Answering Br., Dkt. No. 19.1 at 23; Amicus Br., Dkt. No. 26.1 at 19-20; 28 U.S.C. § 1782.

> > 1.  Google's and the ACLU's invitation is contrary to United States Supreme Court precedent and precedent of this Court

Google and the ACLU ask the Court to hold that the First Amendment applies to all Section 1782 cases, including to cases involving non-U.S. citizens who publish statements outside the United States and do not direct those statements to a U.S. audience. Answering Br., Dkt. No. 19.1 at 23; Amicus Br., Dkt. No. 26.1 at 19-20.

This is contrary to United States Supreme Court precedent. *Agency for Int'l Dev. (USAID) v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020) ("foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution."); *see also Verdugo–Urquidez*, 494 U.S. at 271 (an alien who has had no previous significant voluntary connection with the United States lacks constitutional protections). Similarly, although this Court has held that the First Amendment

9

protects the right of domestic listeners to receive speech from foreign speakers, it has strictly limited the applicability of that right to "speech ... directed at and received by [domestic] residents." *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 744 (9th Cir. 2021).

Therefore, Google's and the ACLU's invitation to rule contrary to the Supreme Court's decision in *USAID*, this Court's decision in *Thunder Studios*, and the decades of precedent on which they are based should be declined by the Court.

> 2. Google and the ACLU ask the Court to decide a constitutional question that it need not decide to resolve this appeal

The "longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Camreta v. Greene*, 563 U.S. 692, 705 (2011) (quoting *Lyng v. Nw. Indian Cemetery Prot. Ass'n*, 485 U.S. 439, 445 (1988)); *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90*, 658 F.3d 1188, 1196 (9th Cir. 2011).

Both Kim and Google agree that if Doe is protected by the First Amendment, then the *Highfields* test should be applied. Therefore, whether the *Highfields* test is the appropriate test to be applied in Section 1782 cases, where the First Amendment is implicated or whether that test should be applied to all Section 1782 cases, is not an issue before the Court.

Congress passed Section 1782 to achieve the policy goals of "providing efficient assistance to participants in international litigation" and to "encourag[e] foreign countries by example to provide similar assistance to our courts." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004); 28 U.S.C. § 1782. Google's and the ACLU's request should be denied to re-write Section 1782 to advance Google's and the ACLU's policy goals of extending speech rights abroad, beyond the First Amendment's reach. *See, e.g.*, *Romag Fasteners, Inc. v. Fossil, Inc.*, 590 U.S. 212, 219 (2020) ("[T]he place for reconciling competing and incommensurable policy goals like these is before policymakers. This Court's limited role is to read and apply the law those policymakers have ordained[.]"); *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 538 (2012) ("Members of this Court are vested with the authority to interpret the law; we possess neither the expertise nor the prerogative to make policy judgments."); *Hunley v. Instagram, LLC*, 73 F.4th 1060, 1076 (9th Cir. 2023) ("As citizens and internet users, we too are concerned with the various tensions in the law and the implications of our decisions, but we are not the policymakers.").

//

//

//

//

11

### III. CONCLUSION

Based upon the foregoing, the Appellant, Ho Chan Kim, respectfully requests that the Court reverse the Judgment and Order of the District Court, and remand the case to the District Court with instructions to order Google LLC to provide the discovery requested by the subpoena within 10 days of the Court's decision.

Dated August 2, 2025.

_s/ Carlos M. Taitano_
CARLOS M. TAITANO
*Attorney for Petitioner - Appellant*

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** | 25-647

I am the attorney or self-represented party.

**This brief contains** | 2,643 | **words,** including | | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated | | .

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Carlos M. Taitano | **Date** | August 2, 2025
*(use "s/[typed name]" to sign electronically-filed documents)*

13